IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLL BROS., INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NATIONWIDE PROPERTY AND | : | NO. 05-1191 |
| CASUALTY INSURANCE CO. | : | |

O'NEILL, J.                                             OCTOBER 13, 2005

## MEMORANDUM

Plaintiff, Toll Brothers, Inc., filed an action in this Court against defendant, Nationwide Property and Casualty Insurance Co., alleging breach of contract, breach of fiduciary duty, and bad faith for defendant's failure to defend and indemnify plaintiff against purchasers of a home constructed by plaintiff with plumbing work subcontracted to an insured of defendant. Before me now is defendant's motion to transfer venue, plaintiff's response, defendant's reply, and the parties' supplementary briefs in response to my Order of July 27, 2005.

## BACKGROUND

Toll Brothers is a Pennsylvania corporation with its principal place of business in Horsham, Pennsylvania. Nationwide is an Ohio corporation with its principal place of business in Columbus, Ohio that regularly transacts business in Pennsylvania.

In connection with its home construction project in Dublin, Ohio, Toll Brothers subcontracted its plumbing services to Best Plumbing, a local Ohio company. As required by the construction agreement between Toll Brothers and its subcontractor, Best Plumbing obtained a commercial general liability insurance policy from Nationwide. Best Plumbing's insurance policy contained an endorsement and certificate of insurance naming Toll Brothers as an additional insured.

In March 2004, Toll Brothers sold a home to Vladimir and Jan Kapustin and contracted with Best Plumbing to install the home's plumbing system. Three months after the owner moved in, a plumbing valve located under the kitchen sink failed, causing the home to flood and suffer extensive water damage.

After recovering for the property damage caused by the valve failure under their Ohio homeowners policy with Nationwide, the Kapustins filed a complaint in the Court of Common Pleas in Franklin County, Ohio alleging negligence, breach of contract, and fraud against Toll Brothers. Toll Brothers requested defense and indemnification from Nationwide under the Best Plumbing policy. Nationwide refused, denying that Toll Brothers was covered by Best Plumbing's insurance policy. After settling with the Kapustins, Toll Brothers filed the instant action on March 14, 2005. Both parties agree that venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(a) because Nationwide is subject to personal jurisdiction in Pennsylvania. See 28 U.S.C. § 1391(c) (2005). However, Nationwide claims that venue is also proper in the Southern District of Ohio and requests a transfer to that venue for the convenience of the parties. See 28 U.S.C. § 1404(a) (2005).

On July 27, 2005, I ordered the parties to file supplemental briefs to address the following issues: (1) whether Pennsylvania or Ohio law governs the insurance contract; (2) whether the contract of insurance obligated Nationwide to defend Toll Brothers in its dispute with the Kapustins; (3) whether, as a matter of law, Nationwide may contest its duty to indemnify if it were found to have failed in its duty to defend; and (4) to what extent it will be necessary, if at all, to introduce at trial the testimony of the Kapustins and/or an employee or agent of Best Plumbing. I discuss the parties' arguments with respect to these issues under the framework for

Section 1404(a) transfers articulated by the Court of Appeals in <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873 (3d Cir. 1995).

DISCUSSION

I.      <u>Section 1404(a) Motion to Transfer Venue</u>

In its motion to transfer venue, Nationwide argues that the balance of private and public factors weighs in favor of transferring this case to the Southern District of Ohio.  28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  There is no dispute that this diversity action could have been brought in either this District or the Southern District of Ohio.

The purpose of Section 1404(a) is "to prevent the waste of time, energy, and money and to protect the litigants, witnesses and the public against unnecessary inconvenience and expense," <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616 (1962) (internal quotations omitted), "not to shift the inconvenience from one party to another."  <u>Superior Precast, Inc. v. Safeco Ins. Co. of Am.</u>, 71 F. Supp. 2d 438, 446 (E.D. Pa. 1999).  Although I have broad discretion to determine whether a transfer is warranted, a motion to transfer is not to be granted liberally.  <u>Stewart Org. v. Ricoh, Inc.</u>, 487 U.S. 22, 29 (1988).  The moving party thus bears the burden of establishing that transfer is proper.  <u>In re United States</u>, 273 F.3d 380, 388 (3d Cir. 2001).  However, the moving party is not required to show truly compelling circumstances for change of venue, but rather that all relevant things considered the case would be better off transferred to another district.  <u>Id.</u>

In deciding the present motion to transfer, I must consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests be better served by transfer to a different forum."  <u>Jumara</u>, 55 F.3d at 878.  I am guided in this

inquiry by a nonexclusive list of private and public interest factors. Courts generally consider the following private interest factors: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (6) the location of books and records, similarly limited to the extent that the files could not be produced in the alternative forum. See id. at 879-80. Courts similarly are guided by the following public interest factors: (a) the enforceability of the judgment; (b) practical considerations that could make the trial easy, expeditious, or inexpensive; (c) the relative court congestion in the competing courts; (d) the local interest in deciding local controversies at home; (e) the public policies of the fora; (f) and the familiarity of the trial judge with the applicable state law. See id.[1]

---

[1]Toll Brothers argues that this case should not be transferred because Nationwide has failed to demonstrate that transfer is proper under the forum non conveniens doctrine. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947); Lacey v. Cessna Aircraft Co., 932 F.2d 170, 180 (3d Cir. 1991). In its briefs, Nationwide also on occasion refers to its motion to transfer as a Section 1404(a) forum non conveniens motion. Despite analogous standards for applying Section 1404(a)'s transfer of venue for the convenience of the parties and the common law doctrine of forum non conveniens,

> § 1404(a) transfers are different than dismissals on the ground of forum non conveniens. Congress enacted § 1404(a) to permit change of venue between federal courts. Although the statute was drafted in accordance with the doctrine of forum non conveniens . . . it was intended to be a revision rather than a codification of the common law. District courts were given more discretion to transfer under § 1404(a) than they had to dismiss on grounds of forum non conveniens.

Piper Aircraft Co. v. Reyno, 454 U.S. 235, 253 (1981) (internal citations omitted).
        Since the enactment of Section 1404 and Section 1406 (transfer or dismissal for improper venue) in 1948, the doctrine of forum non conveniens has served a limited purpose: the doctrine now merely allows a district court to dismiss a case when the more convenient forum is in a foreign country. See, e.g., Am. Dredging Co. v. Miller, 510 U.S. 443, 447-49, 449 n. 2 (1994) ("the federal doctrine of forum non conveniens has continuing application only in cases where

A.      Private Interest Factors

Nationwide argues that the balance of the private interest factors weighs in favor of

transfer to the Southern District of Ohio because: (i) "the property at issue is in Ohio"; (ii) "every

event, prior lawsuit, and contract relevant to this action arose in Ohio"; (iii) "virtually all the

party and nonparty witnesses and documents material to this litigation are in Ohio"; (iv) "the

Kaputins reside in Ohio"; (v) "each of the Nationwide claims personnel who participated in the

decision to deny Toll's claims reside in Ohio"; (vi) "the representatives of Best Plumbing who

negotiated the contract pursuant to which indemnification and insurance were sought live in

Ohio;" (vii) "the representatives of Toll who negotiated the Best Plumbing Contract reside in

Ohio"; and (viii) the homeowner's adjuster responsible for settling the claim with the Kaputins

lives in Ohio.  Nationwide asserts that only one private interest factor--plaintiff's choice of

forum--does not support a transfer of venue to Ohio.

---

the alternative forum is abroad").  By contrast, Section 1404(a) authorizes a district court to
transfer a case to another district court for the convenience of the parties and in the interests of
justice.  There nevertheless continues to be substantial confusion between the common law
dismissal doctrine and the federal transfer statute.  See, e.g., Nesbitt v. Sears, Roebuck and Co.,
No. 03-6747, 2004 WL 1638137, at *1 (E.D. Pa. Jul. 9, 2004) (referring to motion to transfer as
forum non conveniens motion); Landmark Bldg. Sys., Inc. v. Whiting-Turner Contracting Co.,
No. 02-5782, 2003 WL 21293812, at *1 (E.D. Pa. Apr. 21, 2003) (analyzing Section 1404(a)
transfer motion as forum non conveniens motion).  See generally 15 Charles Alan Wright, Arthur
R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3828 (2d ed. 1986) (also 2005
pocket part).  While the parties' assertion of forum non conveniens is malapropos, their
arguments regarding the private and public interest factors under that doctrine are relevant to a
review of similar factors applied in a Section 1404(a) motion to transfer analysis.  Compare
Lacey, 932 F.2d at 180 (forum non conveniens) with Jumara, 55 F.3d at 879-80 (Section 1404(a)
transfer).

1.      Plaintiff's Choice of Forum

Plaintiff's choice of forum is generally a "paramount consideration in any determination of a transfer request, and that choice . . . should not be lightly disturbed." Jumara, 55 F.3d at 879-80.  Nationwide argues that the preference accorded to plaintiff's choice of forum is diminished where none of the operative facts occurred in the plaintiff's chosen venue. See, e.g., Zeevi v. Am. Home Prods. Corp., No. 99-20277, 2002 WL 92902, at *1 (E.D. Pa. Jan. 24, 2002) ("a plaintiff's choice of forum receives less weight where none of the operative facts occurred in the selected forum.") quoting Extraordinary Props., Inc. v. Nationwide Mut. Ins. Co., No. 99-4305, 2000 WL 66157, at *2 (E.D. Pa. Jan. 24, 2000); Hillard v. Guidant Corp., 76 F. Supp. 2d 566, 569 (M.D. Pa. 1999) ("where none of the operative facts of the action occurred in the plaintiff's chosen forum, the choice is afforded less weight."); Sherwood Group, Inc. v. Rittereiser, No. 90-2414, 1990 WL 159925, at *3 (D.N.J. Oct 17, 1990) ("when the forum lacks contact with the transactions or conduct underlying the cause of action, the deference afforded to plaintiff's choice of forum is reduced."); Fitzgerald v. Central Gulf S.S. Corp., 292 F. Supp. 847, 849 (E.D. Pa. 1968) ("where none of the operative facts of the action occur in the forum selected by the plaintiff, his choice of that forum certainly is entitled to less weight than is ordinarily the case.").  I agree.  I will not accord "paramount consideration" to Toll Brothers' choice of forum because, although Toll Brothers resides in Pennsylvania, the situs of the negotiation, contracting, and performance of the insurance contract appears to be in Ohio.  This factor weighs in favor of transfer.

2.      Defendant's Preference

Nationwide clearly would prefer to litigate this case in the Southern District of Ohio. However, Toll Brothers argues that Nationwide's preference is negated because Nationwide forwent its opportunity to resolve this dispute in Ohio by refusing to participate in the arbitration and eventual settlement of the Kapustins' action against Toll Brothers.  Toll Brothers also argues that Nationwide's failure to include a forum selection clause in the insurance contract it drafted should be weighed in favor of not transferring this case to Ohio.

Courts frequently have treated a forum selection clause "as a manifestation of the parties' preferences as to a convenient forum" and accorded  "substantial consideration" to the parties' agreement with respect to forum selection.  Jumara, 55 F.3d at 880.  Toll Brothers now requests that I accord substantial consideration to the negative pregnant of this principle; Toll Brothers argues that I should treat Nationwide's failure to include a choice of law provision in the insurance contract or certificate of insurance that it drafted as: (i) an acknowledgment by Nationwide that it may have to defend lawsuits in many states where its various policyholders reside; and (ii) an ambiguity that should be construed against Nationwide.  See Kilmer v. Conn. Indem. Co., 189 F. Supp. 2d 237, 246 (M.D. Pa. 2002) ("[A]n insurance company that conducts business with residents of various states should expect to be subject to the tort laws of that state if the insurer engages in bad faith with respect to the insurance policy.") quoting Thiele v. Northern Mut. Ins. Co., 36 F. Supp. 2d 852 (E.D. Wis. 1999) (internal quotations omitted); Leksi, Inc. v. Fed. Ins. Co., 736 F. Supp. 1331, 1336 (D.N.J. 1990).  Toll Brothers contends that Nationwide implicitly accepted the possibility of defending a lawsuit arising out of the insurance contract with a Pennsylvania plaintiff.  Toll Brothers thus concludes that Nationwide must

7

defend this action in this District.  If I accept Toll Brothers' principle as valid, however, I must

also accept as valid the principle that Nationwide implicitly accepted the possibility of defending

a lawsuit arising out of an insurance contract concerning property located in Ohio.  The lack of a

forum selection clause thus pits considerations of the plaintiff's residence and choice of forum

against the location of where the claim arose and, consequently, leads me back to a balancing of

the Jumara factors.  The absence of a forum selection clause does not reveal a party's automatic

acceptance to litigate outside of its home forum.  To the extent that the absence of a forum

selection clause creates an ambiguity, it refocuses my determination on the other factors that

traditionally have guided courts in deciding Section 1404(a) motions to transfer.

3.      Where the Claim Arose

        Nationwide argues that the claim arose in Ohio because: (a) the contract which gave rise

to the Kapustins' lawsuit against Toll was executed and performed in Ohio; (b) the Kapustins'

property was built and is located in Ohio; (c) the insurance policy between Nationwide and Best

Plumbing, under which Toll Brothers claims coverage, was executed in Ohio; and (d) all of the

decisions to deny Toll Brothers coverage and a defense were made in Ohio by Ohio employees of

Nationwide.  Toll Brothers argues that the location of the arbitration or Kapustins' property is not

relevant to the merits of this case because: (i) the damage to the Kapustins' property and resulting

arbitration occurred many years ago and has been remedied; and (ii) the instant action centers

upon an insurance policy that allegedly covers Toll Brothers in Pennsylvania.  I agree with

Nationwide that this claim arose in Ohio because the insurance contract and certificate of

insurance were negotiated, contracted, and performed of the insurance contract appears to be in

Ohio.  This factor weighs in favor of transfer.

4.      Convenience of Parties

Toll Brothers cautions that the role of a Section 1404(a) transfer is not to shift the

inconvenience from one party to another.  See Dinterman v. Nationwide Mut. Ins. Co., 26 F.

Supp. 2d 747, 749-50 (E.D. Pa. 1998) ("A court should not grant a transfer simply because the

transferee court is more convenient for the defendants and therefore if the transfer would merely

switch the inconvenience from defendant to plaintiff, the transfer should not be allowed.").  I

agree.  This factor does not weigh in favor of transfer.

5.      Convenience of Witnesses

Toll Brothers argues that this District is more convenient because Toll's corporate

personnel reside in Pennsylvania and Nationwide regularly conducts business in Pennsylvania.

To the extent that Toll Brothers would present the testimony of its corporate personnel, I note

that the law on Section 1404(a) transfers distinguishes between party and nonparty witnesses.

"[P]arty witnesses are presumed to be willing to testify in either forum despite any

inconvenience.  The convenience of non-party witnesses is the main focus."  Hillard, 76 F. Supp.

2d at 570.  Therefore, I do not consider inconvenience to Toll Brothers' corporate personnel as

party witnesses in the present balancing.

Nationwide argues that the Southern District of Ohio is the more convenient venue for the

witnesses because the Kapustins, Best Plumbing, and its managers and employees are located in

Ohio.  However, there is a significant question as to whether it will be necessary to have the

testimony of the Kapustins or an agent of Best Plumbing.  Toll Brothers argues that the

Kapustins and an agent of Best Plumbing are not necessary witnesses because under

Pennsylvania law the Court need only examine the four corners of the Kapustins' complaint, the

certificate of insurance, and the insurance policy to determine whether Nationwide breached its duty to defend and indemnify Toll Brothers  See R.R. Donnelly & Sons Co. v. Fireman's Fund Ins. Co., No. 03-6412, 2004 WL 2810065, at *3 (E.D. Pa. Dec. 6, 2004) ("The duty to defend is a question of law the court decides be examining the policy language and the allegations of the complaint.") citing Gene's Rest., Inc. v. Nationwide Ins. Co., 548 A.2d 246, 246-47 (Pa. 1988) and Westport Ins. Corp. v. Bayer, 284 F.3d 489, 496 (3d Cir. 2002).  Specifically, Toll Brothers argues that these witnesses are not necessary because the Kapustins' complaint against Toll Brothers and settlement with Best Plumbing establishes that Best Plumbing's faulty plumbing installation was a cause of the Kapustins' property damage: "neither party can dispute that property damage occurred at the Kapustins' residence as a result of Best Plumbing's work." Moreover, Toll Brothers argues that with respect to Toll Brothers' bad faith claim the only necessary witnesses are the parties' witnesses because all of the bad faith alleged by Toll Brothers occurred between representatives of Nationwide and Toll Brothers.

Nationwide argues that the Kapustins and an agent of Best Plumbing are indispensable witnesses because under Ohio law a duty to defend is determined by the allegations in the Kapustins' complaint and that complaint does not mention Best Plumbing or its alleged negligence.  To the extent that Toll Brothers bases its duty to defend and duty to indemnify claims on the insurance contract and certificate, Nationwide also argues that its defense against such claim is dependent on facts lying outside the face of the complaint: (i) testimonial and documentary evidence from the Kapustins that their allegations were limited to conduct by Toll

Brothers; (ii) testimony from an agent of Best Plumbing (or other contractors who worked on the

Kapustin home) that the Kapustin's complaint was directed solely at Toll Brothers; and (iii) that

the damage to the Kapustin home was caused by Toll Brothers' negligence.

While Pennsylvania and Ohio may apply different, and evolving, standards for

determining whether an insurer has breached a duty to defend, both focus their analyses on the

insurance document and the complaint.  Compare Frog, Switch & Mfg. Co. v. Travelers Ins. Co.,

193 F.3d 742, 746 (3d Cir. 1999) ("An insurer's duty to defend an insured in litigation is broader

than the duty to indemnify, in that the former duty arises whenever an underlying complaint may

'potentially' come within the insurance coverage."); Air Prods. & Chems. v. Hartford Accident

& Indem. Co., 25 F.3d 177, 179 (3d Cir. 1994) ("Under Pennsylvania law, the issuer of a general

liability insurance policy has a duty to defend its insured when the allegations in the complaint

against it could potentially fall within the coverage of the policy."); Pac. Indem. Co. v. Linn, 766

F.2d 754, 760 (3d Cir. 1985) ("Under Pennsylvania law, an insurance company is obligated to

defend an insured whenever the complaint filed by the injured party may potentially come within

the policy's coverage.  The obligation to defend is determined solely by the allegations of the

complaint in the action.  The duty to defend remains with the insurer until the insurer can confine

the claim to a recovery that is not within the scope of the policy") (internal citations omitted)

with Willoughby Hills v. Cincinnati Ins. Co., 459 N.E.2d 555, 558 (Ohio 1984) ("Where the

insurer's duty to defend is not apparent from the pleadings in the action against the insured, but

the allegations do state a claim which is potentially or arguably within the policy coverage, or

there is some doubt as to whether a theory of recovery within the policy coverage has been

pleaded, the insurer must accept the defense of the claim."); Twin Maples Veterinary Hosp. v.

11

Cincinnati Ins. Co., 824 N.E.2d 1027, 1031 (Ohio Ct. App. 2005) ("Where the action alleged claims that fell within the insurance coverage yet the conduct that prompted the action is so indisputably outside coverage, the insurer has no duty to defend, so long as the insurance policy only required the insurer to defend against claims to which the coverage applied."); Stickovich v. Cleveland, 757 N.E.2d 50, 70 (Ohio Ct. App. 2001) ("It is well established . . . that insurers are required to provide a defense when allegations are arguably or potentially within the policy coverage or when there is some doubt as to whether they state a theory of recovery within the scope of the policy.").  Because both Pennsylvania and Ohio courts focus their duty to defend analyses on the insurance contract and complaint, I am doubtful that Nationwide will find it necessary to have the Kapustins and/or an agent of Best Plumbing testify regarding this claim.

However, the duty to indemnify is separate and distinct from the duty to defend. Pennsylvania and Ohio courts look beyond the complaint and insurance document to determine whether the insured's claim actually comes within the coverage of the policy.  See Pl.'s Br. in Further Opp. at 8 ("Unlike the duty to defend, the duty to indemnify 'cannot be determined merely on the basis of whether the factual allegations of [the underlying complaint] may potentially state a claim against the [policyholder.]'") quoting Pac. Indem. Co. v. Linn, 590 F. Supp. 643, 650 (E.D. Pa. 1984); Def.'s Supp. Resp. Br. at 11 ("Nationwide would have the right to challenge its duty to indemnify to the extent that any amounts claimed did not fall within the insurance policy's coverage, and to verify that there was no collusion between the settling parties.").  Compare Lucker Mfg. v. The Home Ins. Co., 23 F.3d 808, 821 (3d Cir.1994) ("An insurer has a duty to indemnify its insured only if it is established that the insured's damages are actually within the policy coverage."); Duff Supply Co. v. Crum & Forster Ins. Co., No. 96-8481,

1997 WL 255483, *4 (E.D. Pa. May 8, 1997) ("An insurer's duty to indemnify . . . requires a higher threshold, as the duty is triggered only when the claim is actually within the policy coverage.") (internal citations omitted); <u>Gedeon v. State Farm Mut. Auto. Ins. Co.</u>, 188 A.2d 320, 322 (Pa. 1963) ("In order to establish breach of this promise to indemnify, the insured must demonstrate that the policy covers the particular risk in question.") <u>with</u> <u>Grange Mut. Cas. Co. v. Rosko</u>, 767 N.E.2d 1225, 1234 (Ohio Ct. App. 2001) ("An insurer's duty to defend is distinct from its duty to indemnify.  If the complaint arguably brings the insured's actions under the scope of the policy, then the insurer must defend.  The duty to defend persists regardless of the outcome of the underlying lawsuit.  The insurer's duty to indemnify, by contrast, attaches only where it has been demonstrated that there is, in fact, liability under the policy.") (internal citations omitted).  Because the duty to indemnify under both Pennsylvania and Ohio law requires a showing that the insured's claim actually is covered by the policy, Nationwide may find it necessary to introduce the testimony and documentation of the Kapustins and/or an agent of Best Plumbing to determine whether the insurance contract and certificate actually covered the Kapustins' claim against Toll Brothers.  I therefore find that the convenience of witnesses weighs in favor of transfer to Ohio.

6.     Location of Sources of Proof

Nationwide argues that "[p]ractically everything that is factually relevant to the background and outcome of this litigation is located in Ohio."  Nationwide offers one counterpoint: "copies of the letters sent by Toll to Nationwide tendering the defense of the Kapustins' action and the individuals who wrote those letters may be in Toll's Bensalem headquarters."  However, Nationwide argues that such evidence is not important to the resolution

of this case because "there is little dispute that the letters were written and that Nationwide did

not accept the tender."  Nationwide also asserts that certain witnesses and related evidence, with

respect to a number of the Kapustins' original claims against Toll Brothers that go beyond

allegations regarding Best Plumbing's services, form a central part of its defense to Toll

Brothers' claims against Nationwide and are located in Ohio.  Toll Brothers argues that

"Nationwide already has in its possession all of the sources of proof necessary for a proper

adjudication of this action [because] Nationwide has been provided with all necessary

documentation regarding the claim, either by its policyholder, Best Plumbing, or Toll [Brothers]

directly."  Because this dispute is likely to focus on the substance of the insurance contract,

certificate of insurance, and the Kapustins' complaint and because these documents are already in

the possession of each party, the location of these sources of proof does not weigh in favor of

transfer.

B.      Public Interest Factors[2]

1.      Public Policies of Fora

        Nationwide argues that the Southern District of Ohio should determine whether

Nationwide violated Ohio law because Ohio's law and public policy, specifically Ohio Rev.

Code Ann. § 2305.31 (West 1975), are designed to protect Ohio citizens by ensuring that a

contractor maintain a financial interest in job safety.  See Buckeye Union Ins. Co. v. Zavarella

---

        [2]I do not address four of the public interest factors--the enforceability of the judgment,
practical trial considerations, relative court congestion, and local interest in local controversies--
because neither party asserts that a judgment would be more or less enforceable in either venue,
that any practical trial considerations support its preferred venue, that there is any significant
difference in the level of congestion between the two venues, or that this dispute is local in
nature.

Brothers Constr. Co., 699 N.E.2d 127 (Ohio Ct. App. 1997) (holding that subcontractor's agreement to have the contractor named as an additional insured under the subcontractor's liability policies did not violate the public policy embodied in Section 2305.31 because it could not be construed as covering the contractor for its own negligence); Liberty Mut. Ins. Group v. Travelers Prop. Cas., No. 80560, 2002 WL 1933244, at *2-3 (Ohio Ct. App. Aug. 22, 2002) (holding that subcontractor's additional insured endorsement did not provide coverage for construction manager's negligence but did cover liability arising out of named insured's negligence).

Toll Brothers argues that Pennsylvania courts have a countervailing interest in protecting its corporate citizens from "abusive denial tactics like those employed by Nationwide" because Nationwide regularly conducts its insurance business in this District and avails itself of the laws of Pennsylvania.  Toll Brothers also asserts that Nationwide was fully aware of the execution of the construction agreement.  Toll Brothers therefore argues that to the extent that the agreement is void under Section 2305.31, "Nationwide committed bad faith and fraud by promising Toll insurance under a contract that it never intended to honor" and that Pennsylvania has an interest in protecting its citizens from such insurance practices.  See Thomson v. Prudential Prop. & Cas. Ins. Co., No. 91-4073, 1992 WL 38132, at *4 (E.D. Pa. Feb. 20, 1992) ("Pennsylvania has a great interest in protecting its residents from possible misconduct of insurance carriers operating within its borders.").  The balance of these two interests results in a draw; neither convinces me that Pennsylvania or Ohio has a greater interest in the protection of its citizens in a case such as this.

2.      Familiarity of Trial Judge with Applicable State Law

Nationwide focuses its argument on "the complexity and uncertainty of Ohio law." Nationwide argues that where the substantive law of another state will govern the outcome of the litigation district judges in the forum state are generally more familiar with that state's law, processes and guiding public policies than judges in the foreign forum state.  See Landmark, 2003 WL 21293812, at *2 (granting motion to transfer in part because the substance of the action "was governed by Maryland state law, providing a reason to believe that a trial judge in the District of Maryland would be more familiar with the applicable state law."); Connors, 248 F. Supp. 2d at 396 (transferring venue to District of New Jersey based in part on determination that New Jersey District Judge would be more familiar with applicable law in case governed by New Jersey state law).  For example, Nationwide argues that a district judge in the Southern District of Ohio would be more familiar with Ohio' public policy that disfavors certain indemnity agreements as part of construction contracts.  § 2305.31.

Nationwide also argues that this consideration is particularly important where the applicable state's law is complicated and uncertain.  See Koken v. Lexington Ins. Co., No. 04-2539, 2004 WL 2473432, at *4 (E.D. Pa. Nov. 2, 2004) (denying motion to transfer in part as district judge would have no difficulty applying foreign state law because not particularly complex or novel); Busch v. Sea World of Ohio, 95 F.R.D. 336, 341 (W.D. Pa. 1982) (denying transfer in part because "no complex questions of foreign law").  Nationwide avers that Ohio law is complex and uncertain because the Ohio standard for an insurer's duty to defend has undergone significant revisions in the past twenty years and remains unclear, see Preferred Risk Ins. Co. v. Gill, 507 N.E.2d 1118, 1122-23 (Ohio 1987); Willoughby, 469 N.E.2d at 556-57;

16

Motorists Mut. Ins. Co. v. Trainor, 294 N.E.2d 874 (Ohio 1973); Stickovich, 757 N.E.2d at 70,

and Ohio law is in flux with respect to when a breach of a duty to defend could give rise to a

claim for bad faith, see Wagner v. Midwestern Indem. Co., 699 N.E.2d 507, 514-15 (Ohio 1998);

Roberts v. U.S. Fid. & Guar. Co., 665 N.E.2d 664, 667 (Ohio 1996); Zoppo v. Homestead Ins.

Co., 644 N.E.2d 397, 400 (Ohio 1994); Motorists Mut. Ins. Co. v. Said, 590 N.E.2d 1228 (Ohio

1992).

      However, the parties dispute whether Ohio or Pennsylvania law governs the insurance

contract with respect to Toll Brothers  Nationwide argues that Ohio law governs Toll Brothers'

claims against Nationwide because "the Nationwide policy was issued in Ohio to an Ohio

insured, with respect to a claim arising out of an Ohio construction project for which Ohio

statutory law provides standards of conduct with respect to contracts of indemnification."  Toll

Brothers argues that Pennsylvania law applies because much of the written and oral

communications regarding the negotiation, contracting and nonperformance of the insurance

contract occurred in Pennsylvania.  I must therefore determine which state's law governs the

insurance contract and certificate.

a.     Choice of Law

      Where, as here, federal jurisdiction is based on diversity of citizenship, I must apply the

choice of law rules of the forum state.  St. Paul Fire & Marine Ins. Co. v. Lewis, 935 F.2d 1428,

1431 n. 3 (3d Cir. 1991) citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).

"Pennsylvania courts generally honor the intent of the contracting parties and enforce choice of

law provisions executed by them."  Kruzits v. Okuma Mach. Tool, Inc., 40 F.3d 52, 55 (3d Cir.

1994) citing Smith v. Commonwealth Nat'l Bank, 557 A.2d 775, 777 (Pa. Super. Ct. 1989).  As

discussed above, Toll Brothers argues that the ambiguity caused Nationwide's failure to include a

forum selection clause in the insurance contract and certificate of insurance that it drafted should

be resolved in favor of applying Pennsylvania law to the insurance contract and certificate.  See

Kilmer, 189 F. Supp. 2d at 246 ("[A]n insurance company that conducts business with residents

of various states should expect to be subject to the tort laws of that state if the insurer engages in

bad faith with respect to the insurance policy.") quoting Thiele, 36 F. Supp. 2d 852 (internal

quotations omitted); Leksi, 736 F. Supp. at 1336.[3]  However, I will not resolve such an ambiguity

in favor of applying Pennsylvania law without examining Pennsylvania choice of law rules.

Under Pennsylvania choice of law rules, an insurance contract generally is governed by

the law of the state in which the contract was made.  J.C. Penney Life Ins. Co. v. Pilosi, 393 F.3d

356, 361 (3d Cir. 2004) citing Crawford v. Manhattan Life Ins. Co., 221 A.2d 877, 880 (Pa.

Super. Ct. 1966).  "An insurance contract is 'made' in the state in which the last act legally

necessary to bring the contract into force takes place."  Id.  "In most cases, this last act is delivery

of the policy to the insured and the payment of the first premium by him."  Id. citing Ruhlin v.

N.Y. Life Ins. Co., 106 F.2d 921, 923 (3d Cir. 1939).[4]  This narrow analysis suggests that Ohio

law applies because the contract and certificate of insurance were delivered to Best Plumbing, the

---

[3]Toll Brothers asserts that the Delaware Superior Court applying Delaware law held in an
unpublished opinion in 1992 that an insurance company's failure to insert a choice of law
provision in its policy is an ambiguity that must be construed against the insurance company as
the drafter of the policy.  See Nat'l Union Fire Ins. Co. v. Rhone-Poulenc Basic Chems. Co., No.
87C-SE-11-1-CV (WBC), slip op. (Del. Super. Ct. Aug. 17, 1992).  This case has limited
persuasive value here and in Delaware state courts and the present case involves choice of law
issues under Pennsylvania, not Delaware, law.

[4]"[I]n the absence of proof of place of delivery, the residence of the insured is presumed
to be the place of delivery."  Carosella & Ferry, P.C. v. TIG Ins. Co., 189 F. Supp. 2d 249, 252
(E.D. Pa. 2001).

insured, at its New Albany, Ohio address and to Toll Brothers, the additional insured, at its

Dublin, Ohio address.

However, Toll Brothers argues that a broader approach to Pennsylvania's hybrid choice

of law analysis reveals that Pennsylvania law applies.  See Griffith v. United Air Lines, Inc., 203

A.2d 796 (Pa. 1964).  Under Pennsylvania's hybrid choice of law rules, the "court must first

determine whether there is a false conflict or true conflict between the ostensibly competing

bodies of law."  Babcock & Wilcox Ebensburg Power v. Zurick Am. Ins. Co., 368 F. Supp. 2d

387, 397 (W.D. Pa. 2004) quoting Aircraft Guar. Corp. v. Strato-Lift, Inc., 951 F. Supp. 73, 76-

77 (E.D. Pa. 1997) (internal quotations omitted).  "A false conflict exists where only one

jurisdiction's governmental interests would be impaired by the application of the other

jurisdiction's law."  Id. at 397 n. 16; Williams v. Stone, 109 F.3d 890, 893 (3d Cir. 1997).  By

contrast, a true conflict exists where application of the laws of the two jurisdictions would impair

the interests of either jurisdiction.  Id. at 397.

i.      False Conflict

Nationwide argues that there is a false conflict here because only Ohio's interests and

public policies would be damaged by failing to apply its laws to this action.  Specifically,

Nationwide argues that Ohio has an interest in the application of Section 2305.31, which, as

discussed above, is designed to ensure that developers take a financial interest in job safety and

to prevent parties to a construction contract from avoiding liability for their own negligent

conduct.  See Buckeye, 699 N.E.2d 127 (holding that subcontractor's agreement to have the

contractor named as an additional insured under the subcontractor's liability policies did not

violate the public policy embodied in Section 2305.31 because it could not be construed as

covering the contractor for its own negligence); <u>Liberty</u>, 2002 WL 1933244, at *2-3 (holding that subcontractor's additional insured endorsement did not provide coverage for construction manager's negligence but did cover liability arising out of named insured's negligence). Nationwide further argues that Pennsylvania does not have a similar law or interest at stake and that Toll Brothers has failed to identify a countervailing Pennsylvania interest.

However, as discussed above, Toll Brothers argues that Pennsylvania courts have an interest in protecting its corporate citizens from bad faith insurance practices that would be violated if Ohio law was applied in this case.  <u>See</u> <u>Thomson</u>, 1992 WL 38132, at *4 ("Pennsylvania has a great interest in protecting its residents from possible misconduct of insurance carriers operating within its borders.").  I therefore find there to be a true conflict in this case.

<u>ii.    True Conflict</u>

Where, as here, there is a true conflict with respect to a contract issue, the court must examine: "(1) the place of negotiation, contracting and performance of the contract in question; (2) the location of the subject matter of the contract; and (3) the parties' citizenship" to determine which forum state has the most interest in the controversy and the most intimate connection with the outcome.  <u>Babcock</u>, 368 F. Supp. 2d at 397 <u>quoting</u> <u>Aircraft Guar. Corp.</u>, 951 F. Supp. at 76-77 (internal quotations omitted).

Toll Brothers argues--without evidentiary support--that most of the "written and oral communications concerning Toll's insurance coverage claim and its dispute regarding Nationwide's duty to defend and indemnify Toll occurred between Nationwide and Toll's Bucks County, Pennsylvania office."  Toll Brothers dismisses the fact that the property damage

occurred in Ohio by arguing that the contract of insurance is the focus of the instant action and a significant amount of time has passed since the damage to the Kapustin's property.

Nationwide disagrees and submits the affidavit of Diane Geswein, a former insurance agent who acted on behalf of Best Plumbing to negotiate the insurance policy and additional insured certificate, to demonstrate that the insurance contract and its additional insured provision were negotiated in Ohio.  I also note that the certificate of insurance which lists the business addresses of Best Plumbing, the insured, in New Albany, Ohio and of Toll Brothers, the additional insured, in Dublin, Ohio, suggests that the insurance contract and the certificate of insurance were contracted and performed in Ohio.  Toll Brothers' assertion that its agents communicated with Nationwide in Pennsylvania regarding their dispute over the Kapustins' complaint and whether Nationwide had a duty to defend and/or indemnify Toll Brothers does not contradict Nationwide's evidence that the insurance contract and its certificate were negotiated, contracted, and performed in Ohio.  It is undisputed that the subject matter of the insurance contract and certificate of insurance was the Kapustins' home in Ohio.  The parties' citizenship does not suggest that either forum has greater contacts with this dispute.  The evidence thus suggests that Ohio has a more significant connection with the outcome of this controversy.  I therefore agree with Nationwide that, under Pennsylvania choice of law rules, Ohio law applies to the insurance contract and certificate of insurance at issue here.  Because Ohio law applies to this action and relevant Ohio law appears to be in flux, the Southern District of Ohio's familiarity with Ohio law regarding insurance contracts weighs in favor of transfer.

All relevant things considered, I find that this action should be transferred to the Southern District of Ohio.  Three factors outweigh Toll Brothers' preference for the Eastern District of

Pennsylvania as its forum of choice: (1) the Kapustins and Best Plumbing, who are likely to be necessary witnesses to defend against Toll Brothers' duty to indemnify claim, reside in Ohio; (2) the insurance contract and certificate of insurance were negotiated, contracted, and performed in Ohio; and (3) a Judge in the Southern District of Ohio is likely to be more familiar with evolving insurance contract law in Ohio.  I will therefore transfer this case to the Southern District of Ohio.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOLL BROS., INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NATIONWIDE PROPERTY AND | : | NO. 05-1191 |
| CASUALTY INSURANCE CO. | : | |

<u>ORDER</u>

AND NOW, this 13th day of October 2005, upon consideration of defendant's motion to transfer venue, plaintiff's response, defendant's reply, and the parties' supplementary briefs in response to my Order of July 27, 2005, it is ORDERED that defendant's motion is GRANTED. This action is TRANSFERRED to the United States District Court for the Southern District of Ohio.

<u>s/ Thomas N. O'Neill, Jr.</u>
THOMAS N. O'NEILL, JR, J.